Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| MOISÉS O. FIGUEROA ALEMAÑY<br><br>*Recurrido*<br><br>v.<br><br>ENEIDA L. RIVERA SANTANA<br><br>*Peticionaria* | TA2025CE00456 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: ISRF201600854<br><br>Sobre: Custodia |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de septiembre de 2025.

Examinado el recurso de *Certiorari,* así como la *Moción en Auxilio de Jurisdicción y en Solicitud de Paralización de los Procedimientos ante el Tribunal de Primera Instancia,* presentados el 15 de septiembre de 2025 por la parte peticionaria, Eneida L. Rivera Santana, este Tribunal dispone lo siguiente:

Se declara **No ha lugar** la solicitud en auxilio de jurisdicción.

En cuanto al recurso de *Certiorari,* la parte peticionaria requiere la revisión de una determinación provisional emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI o foro recurrido), el 6 de agosto de 2025, notificada el día siguiente, en la que se ordena la reanudación de las relaciones paternofiliales de las dos (2) menores de edad. Ello, en conformidad con las recomendaciones del psicólogo Hernán Plazas Rodríguez, quien ha brindado terapia familiar.

Al tratarse de un asunto de familia, la Regla 52.1 de Procedimiento Civil[1], nos autoriza a revisar la misma de manera interlocutoria. Sin embargo, dicha autoridad es una discrecional

---

[1] 32 LPRA Ap. V., R. 52.1.

que debemos evaluar a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[2].

Es menester enfatizar que, las relaciones materno-paternofiliales son aquel derecho que corresponde naturalmente a los progenitores para comunicarse y compartir con sus hijos cuya custodia ha sido adjudicada a otra persona por resolución judicial[3]. Este derecho tiene una naturaleza personal y familiar, contenido afectivo y una finalidad de favorecer y facilitar las más amplias relaciones humanas entre familiares[4]. Como norma general de nuestro sistema, este derecho debe entenderse lo más liberalmente posible y, si bien puede ser regulado por los tribunales, no puede ser prohibido totalmente, excepto ante la existencia de causas muy graves[5].

Ahora bien, frente a los derechos y deberes de los progenitores, el Estado ostenta un deber de *parens patriae*. En ocasiones, este deber es superior a los derechos de los progenitores, ya sean estos la patria potestad, la custodia y las relaciones filiales, toda vez que el Estado posee un interés de salvaguardar y proteger el bienestar de los menores[6].

Dicho lo anterior, adviértase que, en la etapa en que se encuentra este caso, no estamos ante una adjudicación final concediendo las relaciones paternofiliales al recurrido, Moisés O. Figueroa Alemañy, **sino ante unas relaciones paternofiliales provisionales establecidas, según recomendadas por el psicólogo Plazas Rodríguez**. En otras palabras, aún resta que el TPI evalúe las posiciones de las partes y las recomendaciones de la Unidad Social de Relaciones de Familia y del Doctor Hernán Plazas

---

[2] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025).
[3] *Sterzinger v. Ramírez*, 116 DPR 762, 775 (1985).
[4] *Íd.*
[5] *Íd.*
[6] *Pena v. Pena*, 164 DPR 949, 959 (2005).

en la vista señalada para el 23 de septiembre del 2025. Por lo que, es forzoso concluir que no erró el foro recurrido ni actuó con prejuicio, parcialidad, error manifiesto o abusó de su discreción. Estando el TPI en una mejor posición para conocer qué es lo más beneficioso para las menores en estos momentos, su dictamen nos merece deferencia.

Esbozado lo anterior, **denegamos** el recurso de *certiorari* presentado y ordenamos la continuación de los procedimientos ante el Tribunal de Primera Instancia, Sala Superior de Mayagüez [7].

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] A tenor con lo dispuesto en la Regla 35 (A) (1) del Reglamento del Tribunal de Apelaciones, el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin necesidad de tener que esperar por nuestro mandato. Regla 35 (A)(1) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).